UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MILDRED ABECK MUSONG,

    Petitioner,

v.

VERNON LIGGINS,
*Acting Director of the U.S. Immigration and Customs Enforcement Baltimore Field Office,*
MATTHEW ELLISON,
*Deputy Assistant Director for Field Operations, Eastern Division, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement,*
KRISTI NOEM,
*Secretary of Homeland Security,* and
PAMELA BONDI,
*Attorney General of the United States, in their official capacities,*

    Respondents.

Civil Action No. 26-0586-TDC

**ORDER**

Petitioner Mildred Abeck Musong, who is currently in immigration detention, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The parties have filed a Joint Notice stating that the legal issues presented in this Petition are related to some of those previously presented in *Lopez v. Noem*, No. GLR-25-3662, 2025 WL 3496195 (D. Md. Dec. 5, 2025), *Bautista Villanueva v. Bondi*, No. ABA-25-cv-4152, 2026 WL 100595 (D. Md. Jan. 14, 2026), and *Villanueva Funes v. Noem*, 25-cv-3860-TDC, 2026 WL 92860 (D. Md. Jan. 13, 2026). The parties state that this case relates to whether a noncitizen who was apprehended and detained in September 2024 and placed in expedited removal proceedings, who then asserted fear of return to

Cameroon and was granted Temporary Protected Status which expired in September 2025, and who was recently re-detained and issued a Notice to Appear in removal proceedings, is subject to mandatory detention under 8 U.S.C. § 1225 or discretionary detention under 8 U.S.C. § 1226(a). Joint Notice at 1–2, ECF No. 8. The parties further state that the Court should incorporate the jurisdictional and statutory arguments from Respondents' filings in *Lopez*, *Bautista Villanueva*, and *Villanueva Funes* in lieu of further briefing. The Court will do so.

As a threshold issue, Respondents argue that the Court lacks jurisdiction to review Petitioner's detention based on 8 U.S.C. §§ 1252(e)(3), 1252(g), 1252(b)(9), and § 1226(e). As to 8 U.S.C. §§ 1252(e)(3), 1252(g), and 1252(b)(9), the Court incorporates by reference its analysis of Respondents' same arguments in *Villaneuva Funes*, *Maldonado v. Baker*, No. 25-3084-TDC, 2025 WL 2968042 (D. Md. Oct. 21, 2025), and *Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2841886 (D. Md. Oct. 7, 2025), and based on the same reasoning, rejects Respondents' present arguments that the Court lacks jurisdiction over the Petition on these grounds. *See Maldonado*, 2025 WL 2968042, at *3–4; *Villanueva Funes*, 2026 WL 92860, at *2–4; *Santamaria Orellana*, 2025 WL 2841886 at *6–7.

As to 8 U.S.C. § 1226(e), that provision states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review" and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). For the reasons stated in *Lopez* on this issue, which the Court incorporates by reference, the Court finds that it has jurisdiction to consider the Petition. *See Lopez*, 2025 WL 3496195, at *2.

As stated in *Bautista Villanueva* and *Villanueva Funes*, Respondents contend that Petitioner is subject to mandatory detention because she was never lawfully admitted to the United

States. *See* Answer at 7, *Bautista Villanueva*, No. 25-cv-4152-ABA, ECF No. 8; Answer at 11–12, *Villanueva Funes*, No. 25-cv-3860-TDC, ECF No. 9. Musong is differently situated from the Petitioner in *Villanueva Funes* in that she sought asylum in the United States, was granted Temporary Protected Status which has since expired as to Cameroon nationals, and was working with authorization while awaiting the resolution of her pending asylum application with United States Citizenship and Immigration Services. Musong is therefore like the petitioners who were present in the United States after having been released from detention and were awaiting asylum application review in *Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025), *Afghan v Noem*, No. SAG-25-04105, 2025 WL 3713732 (D. Md. Dec. 23, 2025), and *Said v. Noem*, No. 325-CV-00938-MOC, 2025 WL 3657217 (W.D.N.C. Dec. 17, 2025). The Court concurs with and incorporates by reference the *Hasan*, *Afghan*, and *Said* courts' detailed analysis of the issue. *See Hasan*, F. Supp. 3d at 651–57; *Afghan*, 2025 WL 3612732 at *2; *Said*, 2025 WL 3657217 at *5–6. The Court therefore concludes, as the courts did in *Hasan*, *Afghan*, and *Said*, that Musong is not subject to mandatory detention under 8 U.S.C. § 1225(b) and that Musong is entitled to a bond hearing pursuant to § 1226(a). *Id.*

To the extent that Respondents contend that Musong is not entitled to a bond hearing under 8 U.S.C. § 1226(a) after being redetained under 8 U.S.C. § 1226(b) during the pendency of her removal proceedings, the Court concurs with and incorporates by reference the *Lopez* court's detailed analysis of this issue. *See Lopez*, 2025 WL 3496195, at *4–7. Accordingly, the Court concludes, as the court did in *Lopez*, that the detention of an individual in Musong's position without a bond hearing violates due process and will grant the Petition so as to require that Musong receive such a hearing.

For the foregoing reasons, it is hereby ORDERED that Musong's Petition for a Writ of Habeas Corpus, ECF No. 1, is GRANTED in that:

1. The Court finds that Musong's detention is governed by 8 U.S.C. § 1226(a) and enjoins detention of Musong pursuant to 8 U.S.C. § 1225(b).

2. Respondents shall arrange for Musong to receive a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1, 1003.19, and 1236.1, in relation to which Musong shall receive all process due under these provisions.

3. The bond hearing shall be conducted pursuant to 8 U.S.C. § 1226(a), shall occur within **14 days** of the date of this Order, and shall be conducted under circumstances under which Musong can be represented by her present counsel. If Respondents cannot guarantee that Petitioner's counsel can represent Musong remotely, the hearing shall be held at the Immigration Court in either Baltimore, Maryland or Hyattsville, Maryland, in order to ensure that Musong may be represented by her counsel.

4. If Musong is not provided with a bond hearing on these terms within **14 days** of the date of this Order, Respondents shall release Musong from custody.

5. **Within 17 days** of the date of this Order, the parties shall file a Joint Status Report to confirm Respondents' compliance with this Order. If Musong has not been released from custody, the Joint Status Report shall state whether and when a bond hearing was held in accordance with this Order and shall state the grounds for the immigration judge's decision. The Joint Status Report shall also state whether the parties agree that this case may be closed, subject to the Court's retention of jurisdiction to enforce compliance with prior Orders.

Date: February 19, 2026

THEODORE D. CHUANG
United States District Judge